13

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION


ATUL C. SHAH,

Plaintiff,

-Vs.-

GENERAL MOTORS COMPANY

a/k/a MOTORS LIQUIDATION COMPANY,
formerly known as GENERAL MOTORS
CORPORATION, a Michigan Corporation,
BASHEN CORPORATION, a Texas Corporation
doing business in Michigan and an
affiliate of GENERAL MOTORS CORPORATION.

_____/

ATUL C. SHAH, In Pro Se
2884 Manorwood Drive
Troy, MI., 48085
(248)835-5025


_____/

Case:2:09-cv-14038
Judge: Battani, Marianne O
MJ: Randon, Mark A.
Filed: 10-13-2009 At 08:57 AM
CMP:SHAH V. GENERAL MOTORS COMPANY
(KB)

## COMPLAINT


For his Verified Civil Rights Complaint, Plaintiff, ATUL C. SHAH, In Pro Se,

states unto this Honorable Court as follows.

## NATURE OF THIS CASE

This case involves discrimination against the Plaintiff for the practice of his religious beliefs and the denial of Plaintiff's First Amendment Rights of Freedom of Speech and Freedom of Religion under the United States and State of Michigan Constitutions. The discrimination was intentional or the result of disparate treatment in violation of the State of Michigan Elliott-Larsen Civil Rights Act as amended and  Title VII of the Civil Rights Act of 1964, as amended. Plaintiff was terminated because of his religion and the appropriate practice of that religion in the workplace. Plaintiff was also discriminated against because of his race (Asian), his nationality (Indian), his color (dark) and his age ( ). General Motors, the Bashen Corporation and other John Doe Defendants have articulated the reasons for his dismissal only after he filed a Complaint against them with the Equal Employment Opportunity Commission, when he was fired; he was given no reason for his dismissal. The reasons given by the Defendants are only a pretext for the discrimination against the Plaintiff. Plaintiff also includes pendant state law claims in this Complaint for violation of State Civil Rights Laws, and for wrongful discharge.

## JURISDICTION

1. Jurisdiction of this court arises under State of Michigan Elliott-Larsen Civil Rights Act Title VII of the Civil Rights Act of 1964, as amended.

2. Jurisdiction is also based upon Federal Question Jurisdiction.

## PARTIES AND VENUE

3.  Plaintiff ATUL C. SHAH [hereinafter DR. SHAH] is an American citizen residing at 2884 Manorwood Drive in the City of Troy, Oakland County, Michigan.

4.  Defendant, GENERAL MOTORS COMPANY A/K/A MOTORS LIQUIDATION COMPANY, formerly known as GENERAL MOTORS CORPORATION, a Michigan Corporation is upon information and belief currently in U.S. Bankruptcy Court, Southern District, in the State of New York under Chapter 11 proceedings, Case No. 09-50026 (REG).

5.  Defendant BASHEN CORPORATION is upon information and belief, a Texas Corporation, doing business in the State of Michigan at the GENERAL MOTORS WILLOW RUN PLANT and an affiliate of Defendant GENERAL MOTORS.

## GENERAL ALLEGATIONS

6.  Plaintiff, DR. SHAH is a naturalized American Citizen of Indian descent, dark in color, whose religion is Hindu and who is 59 years of age.

7.  Plaintiff, DR. SHAH practiced medicine for the past thirty years as a General Practitioner and Psychiatrist.

8.  In 1974, he graduated from Medical College in India where he practiced medicine for six years.

9.  He emigrated to the United States of America in 1982.

10.  He has practiced medicine in the United States for about twenty years.

11.  Plaintiff, DR. SHAH  worked as a Contract Physician with General Motors for eleven years beginning in September, 1997 without any problems until June 11, 2008 when he was unlawfully terminated because of discrimination regarding his race, nationality, color, religion, age and retaliation for having filed an Equal Employment Opportunity Act in the

past.

12.  Most of Plaintiff, DR. SHAH's patients, medical staffs and co-workers were happy with his professional knowledge and attitudes.

13.  DR. SHAH has practiced thirty years in the United States and in India.

14.  He has evaluated more than one hundred twenty thousand (120,000) medical patients including twelve thousand (12,000) Psychiatric patients in the United States.

15.  DR. SHAH has excellent and versatile experiences and medical knowledge in his career as a practicing physician.

16.  DR. SHAH's experiences and medical knowledge include diagnosis, treatment and management of patients in Family Practice, Occupational Medicine and Psychiatric Medicine in the Metro-Detroit/South Eastern Michigan area.

17.  On June 11, 2008, SHAH was unfairly discriminated against by GENERAL MOTORS and BASHEN at the General Motors Willow Run Power Train Plant.

18.  The discrimination complained of was conducted by Dr. Stanley Miller, D.O., and Senior Group Director and by Dr. Anthony Burton, MD, Plant Medical Director and others in the employ of the Defendants or as agents of the Defendants.

19.  DR. SHAH's removal from the GM Plant as Contract Physician was based upon DR. SHAH's religion, nationality, color, race and age.  It was also in retaliation for having filed an employment discrimination claim in the past which became known to the above named Defendants.

20.  DR. SHAH's discriminatory removal as physician by Dr. Miller was also supported by General Motors Health Services Administrative staffs, Willow Run Power-train Plant Manager and Director of Human Resources.

21.  On June 11, 2008 at 2 p.m., DR. SHAH had an unexpected meeting with Dr. Stanley Miller, D.O. Senior Group Medical Director and Dr. Anthony Burton, MD Plant Medical Director, DR. SHAH's immediate supervisor at the Willow Run Plant Medical, for about forty minutes.

22.  DR. SHAH is well educated, intelligent and intuitive and is an expert in understanding and revealing "Expressed Intentions" and "Concealed

Intentions" of the persons or patients.  In this Complaint, DR. SHAH will

reveal and explain the expressed and concealed intentions of Dr. Stanley

Miller and Dr. Anthony Burton to remove or terminate DR. SHAH from his

position as Contract Physician with GENERAL MOTORS on June 11, 2008

after DR. SHAH had been affiliated with them for the previous eleven

years.

23.  Dr. Burton informed DR. SHAH on June 10, 2008, that Dr. Miller is

specially coming to see Plaintiff DR. SHAH the next day, June 11, 2008.

24.  Dr. Burton did not mention and concealed the purpose of this special

meeting between DR. SHAH and Dr. Miller which was to discriminate and

retaliate against him.

25.  Prior to this meeting, DR. SHAH had been very sick for two months

and DR. SHAH had been hospitalized twice in April and May of 2008.

26.  Plaintiff DR. SHAH had been on Medical Leave from April 17, 2008

until May 23, 2008 due to an unexpected Medical illness.

27.  During his Medical Leave, DR. SHAH continued to keep Dr. Burton

and Dr. Miller informed as to his medical status.

28.  The discrimination and retaliation complained of happened when DR. SHAH met with Dr. Miller and Dr. Burton on June 11th, 2008 in the Medical Department at the Willow Run Plant of GENERAL MOTORS.

29.  Dr. Miller started the meeting by telling DR. SHAH that he was happy to see DR. SHAH and that he was happy that DR. SHAH had recovered from his illness and was in good health.

30.  Abruptly, Dr. Miller then told DR. SHAH that DR. SHAH was now being terminated from GENERAL MOTORS as Contract Physician effective immediately (June 11, 2008).

31.  Since he had been given no reason for the termination, DR. SHAH politely asked the reason for his termination after eleven years of service and employment with GENERAL MOTORS.

32.  Dr. Miller stated that he had been "informed" by Dr. Anthony Burton and by Dr. Mark Singer, by Plant Manager Mr. Wooten about an alleged "problem with documentation and "other reasons".

33.  Dr. Miller did not elaborate on the "other reasons" during this meeting

and never did rectify the alleged problem with documentation or other reasons in writing to date.

34.  DR. SHAH told Dr. Miller and Dr. Burton that DR. SHAH has evaluated and seen more than one hundred and thousand patients in his career as a Physician and had documented their Medical History and Progress Note throughout his professional career as a Physician.

35.  The articulated reasons for DR. SHAH's termination was just a pretext for discrimination based upon DR. SHAH's race (Asian), nationality (Indian), religion (Hinduism), age (59) and reprisal.

36.  The discrimination against DR. SHAH was intentional and willful and a violation of the United States and State of Michigan Constitutions as well as the Michigan Elliott Larsen Civil Rights Act and Title VII of the Civil Rights Act of 1964 as amended.

37.  The discrimination against DR. SHAH was also the result of disparate treatment.  He was treated differently than similarly situated white, American, Christian or Muslim Contract Physicians at GENERAL MOTORS.

38.  As a direct and proximate result of the discrimination and reprisal against DR. SHAH, he suffered injury and both monetary and non-monetary damages.

39. Incomplete investigation by Spyridon E. Mellos, Investigator at U.S. Equal Opportunity Commission, Detroit, Michigan. Dr. SHAH repeatedly requested him to review Dr. SHAH's articles addressed to Ronald M. Davis, MD, late past President of American Medical Association, Chicago, Illinois; Apparao Mukkamala, MD, past President of Michigan State Medical Society, Lansing, Michigan and Joel Bender, MD Corporate Medical Director of General Motors and other articles. In these articles Dr. SHAH mentioned that Vedic Literature in Sanskrit language from India contains superior knowledge than the conventional modern science including Bio-medical science. Dr. Miller, Dr. Burton and other people from western background did not like this idea and dismissed Dr. SHAH. Investigator Spyridon E. Mellos may not have enough time to review these articles resulting into incomplete investigation.

40. Dr. SHAH has great admiration for American Spirit: the relentless pursuit to realize the Absolute Truth. Lets us reveal the truth in democratic spirit.

## RELIEF REQUESTED

WHEREFORE, PLAINTIFF ASKS THIS COURT TO AWARD JUDGMENT IN FAVOR OF THE PLAINTIFF DR. ATUL C. SHAH, REINSTATEMENT TO HIS POSITION AS CONTRACT PHYSICIAN, COMPENSATORY DAMAGES IN THE AMOUNT OF FIVE HUNDRED THOUSAND ($500,000) DOLLARS, PUNITIVE DAMAGES IN AN AMOUNT IN

EXCESS OF TEN MILLION ($10,000,000.00) DOLLARS PLUS
INTEREST COSTS AND ATTORNEY FEES AND WHATEVER OTHER
RELIEF IS DEEMED BY THIS COURT TO BE JUST AND EQUITABLE.

Respectfully submitted,

Dr. Atul C. Shah

Plaintiff, In Pro Se

Date: October 13, 2009

**JURY DEMAND**

Plaintiff hereby demands a trial by jury in the above captioned cause.

Respectfully submitted,

Dr. Atul C. Shah

Plaintiff, In Pro Se

Date: October 13, 2009

JS 44 (Rev. 12/07)  **CIVIL COVER SHEET**  County in which action arose  *Wayne*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**  
*ATUL C. SHAH*

**(b)** County of Residence of First Listed Plaintiff  *Oakland*  
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  
*In pro se*

**DEFENDANTS**  
*General Motors Company, Bashen corporation*

County of Residence of First Listed Defendant  *Wayne*  
(IN U.S. PLAINTIFF CASES ONLY)

Case: 2:09-cv-14038  
Judge: Battani, Marianne O  
MJ: Randon, Mark A.  
Filed: 10-13-2009 at 08:57 AM  
CMP: SHAH V. GENERAL MOTORS COMPANY (KB)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)  
☐ 1 U.S. Government Plaintiff  
☒ 3 Federal Question (U.S. Government Not a Party)  
☐ 2 U.S. Government Defendant  
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**V. ORIGIN** (Place an "X" in One Box Only)  
☒ 1 Original Proceeding

**VI. CAUSE OF ACTION**

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** JUDGE *NA*   DOCKET NUMBER *NA*

DATE *12-13-2009*   SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY  
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously dismissed?
    ☐ Yes
    ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.  Other than stated above, are there any pending or previously
discontinued or dismissed companion cases in this or any other
court, including state court? (Companion cases are matters in which
it appears substantially similar evidence will be offered or the same
or related parties are present and the cases arise out of the same
transaction or occurrence.)
    ☐ Yes
    ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :