UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATUL C. SHAH,

    Plaintiff,

v.

GENERAL MOTORS COMPANY a/k/a
MOTORS LIQUIDATION COMPANY,
formerly known as GENERAL MOTORS
CORPORATION, a Michigan Corporation,
BASHEN CORPORATION, a Texas
Corporation doing business in Michigan and
an affiliate of GENERAL MOTORS
CORPORATION,

    Defendants.

Case No: 09-cv-14038
Hon. Marianne O. Battani
Magistrate Judge Mark A. Randon

_____/

Atul C. Shah
Plaintiff in *Pro Per*
2884 Manorwood Drive
Troy, MI 48085
(248) 835-5025

Alex L. Alexopoulos (P40547)
Lipson, Neilson, Cole, Seltzer & Garin, P.C.
Attorneys for Defendant Bashen Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000
Email: ala@lipsonneilson.com

_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR FOR SUMMARY JUDGMENT

Defendant Bashen Corporation ("Bashen"), through its attorneys, Lipson, Neilson, Cole, Seltzer & Garin, P.C., states as follows for its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 56(c):

    1.    On October 13, 2009, Plaintiff filed this lawsuit against Defendants General Motors Company, a/k/a Motors Liquidation Company and f/k/a General Motors Corporation ("GM") and

Bashen in the United States District Court for the Eastern District of Michigan, Southern Division.

2. Plaintiff's Complaint alleged that he was wrongfully discharged, subjected to disparate treatment based on his religion, race, nationality, color and age and retaliated against, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e, *et seq.*, and the Elliott-Larsen Civil Rights Act ("ELCRA"), MCL §37.2101, *et seq.*, when GM terminated his employment as a contract physician at GM's Willow Run plant on June 11, 2008.

3. Dismissal of Plaintiff's Complaint against Bashen in its entirety is warranted pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 56(c) because Plaintiff's Complaint fails to state a claim against Bashen, Bashen was never Plaintiff's employer and it had no involvement whatsoever in the termination of his contract employment with GM.

4. Bashen's counsel sought concurrence from Plaintiff for the relief sought in this Motion, but the same was denied, thereby necessitating the filing of this Motion.

5. Bashen's Motion is supported by the attached brief and exhibits.

WHEREFORE, Defendant Bashen Corporation respectfully requests that this Honorable Court dismiss Plaintiff's Complaint against Defendant in its entirety and award Defendant costs, attorney fees and such other relief as this Court deems just and equitable.

Respectfully submitted,

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

By: /s/ Alex L. Alexopoulos
Alex L. Alexopoulos (P40547)
Attorneys for Defendant Bashen Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000

Dated: January 25, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATUL C. SHAH,

    Plaintiff,

v.

GENERAL MOTORS COMPANY a/k/a
MOTORS LIQUIDATION COMPANY,
formerly known as GENERAL MOTORS
CORPORATION, a Michigan Corporation,
BASHEN CORPORATION, a Texas
Corporation doing business in Michigan and
an affiliate of GENERAL MOTORS
CORPORATION,

    Defendants.

Case No: 09-cv-14038
Hon. Marianne O. Battani
Magistrate Judge Mark A. Randon

_____/

Atul C. Shah
Plaintiff in *Pro Per*
2884 Manorwood Drive
Troy, MI 48085
(248) 835-5025

Alex L. Alexopoulos (P40547)
Lipson, Neilson, Cole, Seltzer & Garin, P.C.
Attorneys for Defendant Bashen Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000
Email: ala@lipsonneilson.com

_____/

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR FOR SUMMARY JUDGMENT

Alex L. Alexopoulos (P40547)
Lipson, Neilson, Cole, Seltzer & Garin, P.C.
Attorneys for Defendant Bashen Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000
Email: ala@lipsonneilson.com

BH170238.WPD

## ISSUES PRESENTED

I.     Whether the Dismissal of Plaintiff's Complaint is Warranted Because it Fails to State a Claim Against Bashen.

Defendant answers "Yes."

II.     Whether the Dismissal of Plaintiff's Complaint is Warranted Because Bashen Was Never Plaintiff's Employer.

Defendant answers "Yes."

III.     Whether the Dismissal of Plaintiff's Complaint is Warranted Because Bashen Had No Involvement Whatsoever in the Decision to Terminate Plaintiff's Employment as a Contract Physician at GM's Willow Run Plant.

Defendant answers "Yes."

# CONTROLLING OR MOST RELEVANT AUTHORITY

## Statutes

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

The Age Discrimination in Employment Act of 1967, 29 U.S.C. §621-654.

Elliott-Larsen Civil Rights Act, MCL §37.2101, *et seq.*

## Federal Rules of Civil Procedure

Fed. R. Civ. P. 12(b)(6).

Fed. R. Civ. P. 56(c).

## Case Law

Johnson v. University of Cincinnati,
215 F.3d 561 (6th Cir. 2000).

Kocsis v. Multi-Care Mgt. Inc.,
97 F.3d 876 (6th Cir. 1996).

Lamoria v. Health Care & Retirement Corp.,
230 Mich. App. 801; 584 N.W.2d 589 (1998),
*rev'd on other grounds*, 233 Mich. App. 560 (1999).

McClements v. Ford Motor Co.,
473 Mich. 373; 702 N.W.2d 166 (2005)

McQueen v. Equinox Int'l Corp.,
36 Fed. Appx 555 (6th Cir. 1999).

Pena v. Ingham Cty Rd Comm.,
255 Mich. App. 299; 660 N.W.2d 212 (2001).

Polk v. Yellow Freight Systems, Inc.,
801 F.2d 190 (6th Cir. 1986).

Rowe v Montgomery Ward & Co,
437 Mich 627; 473 NW2d 268 (1991).

<u>Sutherland v. Mich. Dept. Of Treasury</u>,
344 F.3d 603 (6th Cir. 2003).

<u>Town v. Michigan Bell Tele. Co.</u>,
455 Mich. 688; 568 N.W.2d 64 (1997).

<u>Wathen v. General Electric Co.</u>,
115 F.3d 400 (6th Cir. 1997).

<u>Wells v. Firestone Tire & Rubber Co.</u>,
421 Mich. 641; 364 N.W.2d 670 (1984).

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

## I. STATEMENT OF FACTS

Plaintiff Atul C. Shah ("Plaintiff") worked as a contract physician for Defendant General Motors Company, a/k/a Motors Liquidation Company and f/k/a General Motors Corporation ("GM") from September 1997 until June 11, 2008 (Ex 1, Plt's Complaint, ¶ 11). Plaintiff alleges that he was discriminated against, based on his religion, race, nationality, color and age and retaliated against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e, *et seq.*, and the Elliott-Larsen Civil Rights Act ("ELCRA"), MCL §37.2101, *et seq.*, when his employment as a contract physician at GM's Willow Run Plant was terminated on June 11, 2008 (Ex 1, Plt's Complaint, ¶¶ 11, 19-20, 28, 30, 36).

Plaintiff was informed that his contract employment was being terminated at a meeting that took place at GM's Willow Run Plant on June 11, 2008 (Ex 1, Plt's Complaint, ¶¶ 21, 28, 30). The only persons present at the June 11, 2008 meeting with Plaintiff were Dr. Stanley Miller, GM's Senior Group Medical Director, and Dr. Anthony Burton, the Plant Medical Director at GM's Willow Run Plant, neither of whom are employed by Defendant Bashen Corporation ("Bashen") (Ex 1, Plt's Complaint, ¶¶ 21, 28; Ex 2, Bashen Declaration). Further, the only other persons that Plaintiff claimed had any involvement in the decision to terminate him were the General Motors Health Services Administrative staffs, the Willow Run Powertrain Plant Manager (Kingsley Wooten) and the Director of Human Resources (Ex 1, Plt's Complaint, ¶ 20).

On December 4, 2008, Plaintiff filed a joint charge with the EEOC and Michigan Department of Civil Rights ("MDCR") against GM alleging that he was discriminated against, based on his color, religion, national origin and age in violation of Title VII and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621-654, when his contract employment was terminated on June 11, 2008 (Ex 3, EEOC Charge). The EEOC assumed jurisdiction to

BH170238.WPD                          1

investigate the jointly filed complaint (hereinafter "EEOC Charge") (Ex 4).

After Plaintiff's EEOC Charge was received by GM, Bashen was retained by GM to represent its interests during the pendency of that charge (Ex 2, Bashen Declaration). Plaintiff was not an employee of Bashen, Bashen had no involvement with Plaintiff until after he filed his EEOC Charge on December 4, 2008 and Bashen had no input whatsoever into the decision to terminate his contract employment on June 11, 2008. Id.

Pursuant to its retention by GM, Bashen filed a Position Statement on GM's behalf on February 11, 2009 (Ex 5). The position statement reflected that Plaintiff's employment as a contract physician was terminated by GM due to his poor performance. Id. Specifically, Plaintiff's contract employment was terminated because he demonstrated an inability to correctly diagnose and treat work related injuries, kept poor documentation and exhibited a lack of thoroughness. Id. For example, in approximately March 2008, Plaintiff failed to recognize an employee's non-displaced distal radius fracture and, therefore, did not provide that employee with a splint. Id. That same month, Plaintiff wrote restrictions for an employee without evaluating the employee's job to determine if the restrictions were even necessary. Id. In addition, on at least two occasions during April 2008, Plaintiff failed to accurately document patient histories. Id. Plaintiff also misdiagnosed an employee's knee pain as arthritis, which was subsequently determined to be a meniscus tear that required surgery. Id. Based on Plaintiff's poor performance, Dr. Stanley Miller terminated his contract employment on June 11, 2008. Id.

On July 7, 2009, the EEOC issued its Dismissal and Right to Sue letter to Plaintiff and GM (Ex 6). The Right to Sue letter indicated that based on the EEOC's investigation, the EEOC was unable to conclude that the information obtained established a violation of the applicable statutes (Ex 6). On September 15, 2009, the MDCR accepted the findings of the EEOC and dismissed

BH170238.WPD                                                  2

Plaintiff's state law complaint (Ex 4).

On October 13, 2009, Plaintiff filed a lawsuit in this Court against GM and Bashen alleging that he was wrongfully discharged, subjected to disparate treatment based on his religion, race, nationality, color and age and retaliated against in violation of Title VII and the ELCRA when GM terminated his employment as a contract physician at GM's Willow Run plant on June 11, 2008 (Ex 1). Plaintiff's Complaint does not allege that Bashen had any involvement whatsoever in GM's decision to terminate his employment or that Bashen was his employer. For the reasons that follow, the dismissal of Plaintiff's Complaint against Bashen in its entirety is warranted.

## II. **STANDARD OF REVIEW**

A motion under Fed. R. Civ. P. 12(b)(6) tests whether a claim has been adequately stated in the complaint, and in considering a Rule 12(b)(6) motion, the Court must accept as true all factual allegations in the complaint. Broyde v. Gothom Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). Dismissal for failure to state a claim upon which relief can be granted is proper only if it appears beyond doubt that a plaintiff can prove no set of facts in support of his/her claim which would entitle him/her to relief or if an affirmative defense or other bar to relief is apparent from the face of the complaint. Id.; Coplin & Associates, Inc. v. United States, 814 F. Supp. 643, 644-645 (W.D. Mich. 1992), *aff'd.* 27 F.3d 566 (6th Cir. 1994).

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Once the moving party discharges its burden of making and supporting a motion for summary judgment, the burden shifts to the non-moving party to set forth specific facts showing a genuine trial issue. Fed. R. Civ. P. 56(e). As the United States Supreme

BHI70238.WPD 3

Court stated in Anderson v. Liberty Lobby, Inc., 477 U.S. 242; 106 S. Ct. 2505, 2510; 91 L. Ed. 2d 202 (1986), "by its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." (emphasis added).

### III.  LAW AND ARGUMENT

#### A.  Plaintiff's Complaint Fails to State a Claim Against Bashen

To establish a *prima facie* case of discrimination under either Title VII or the ELCRA, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for his job and performed it satisfactorily; (3) despite his qualifications and performance, he suffered an adverse employment action; and (4) he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class. Johnson v. University of Cincinnati, 215 F.3d 561, 573 (6th Cir. 2000); Town v. Michigan Bell Tele. Co., 455 Mich. 688, 695; 568 N.W.2d 64, 68 (1997). Bare allegations of discrimination do not establish a *prima facie* case and are insufficient to take the case to a jury. Ackerman v. Diamond Shamrock, 670 F.2d 66, 69-70 (6th Cir. 1982); Town, *supra* at 706; Duranceau v. Alpena Power Co., 250 Mich. App. 179, 182; 646 N.W.2d 872 (2002). Mere personal beliefs, conjecture and speculation are insufficient to support an inference of discrimination. Chappell v. GTE Products Corp., 803 F.2d 261, 268 (6th Cir. 1986).

Similarly, in order to establish a *prima facie* case of retaliation under Title VII and the ELCRA, a plaintiff must show (1) that he engaged in a protected activity; (2) that the employer knew of the protected activity; (3) that he was subsequently subjected to an adverse employment action; and (4) that there was a causal link between the protected activity and the adverse

employment action. Lamoria v. Health Care & Retirement Corp., 230 Mich. App. 801, 818; 584 N.W.2d 589, 600 (1998), *rev'd on other grounds*, 233 Mich. App. 560 (1999); Polk v. Yellow Freight Systems, Inc., 801 F.2d 190, 198 (6th Cir. 1986); Moon v. Transport Drivers, Inc., 836 F.2d 226, 229 (6th Cir. 1987). In order to establish a causal connection, a plaintiff is required to produce sufficient evidence from which an inference can be drawn that the adverse action would not have been taken but for the plaintiff engaging in the protected activity. Parker v. Key Plastics, Inc., 68 F. Supp.2d 818, 832 (E.D. Mich., 1999), *citing* Allen v. Michigan Dep't of Corrections, 165 F.3d 405, 413 (6th Cir. 1999). The protected activity must be a significant factor in the adverse employment decision. Comiskey, *supra*, 40 F. Supp.2d at 897 n. 21. To determine whether a plaintiff has stated a claim of retaliation sufficient to withstand summary judgment, it is proper for the Court to use the same shifting burden analysis used in discrimination claims. Chiles v. Machine Shop, Inc., 238 Mich. App. 462, 470; 606 N.W.2d 398, 404 (1999).

In Pena v. Ingham Cty Rd Comm., 255 Mich. App. 299; 660 N.W.2d 212 (2001), the Michigan Court of Appeals held:

> Although there is no exhaustive list of adverse employment actions, typically it takes the form of an ultimate employment decision, such as a termination in employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, .....courts must keep in mind the fact that work places are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action.

Id., 255 Mich. App. at 312 (internal citations omitted). *See also* Kocsis v. Multi-Care Mgt, Inc., 97 F.3d 876, 885 (6th Cir. 1996).

In this case, Plaintiff's Complaint fails to state a viable claim of retaliation or discrimination against Bashen because it fails to identify any adverse employment action that Bashen allegedly took against him (Ex 1). To the contrary, the only individuals identified in

BH170238.WPD                                5

Plaintiff's Complaint that took part in the decision to terminate his employment as a contract physician were employed by GM (Ex 1, Plt's Complaint, ¶¶ 20-21, 28). The dismissal of Plaintiff's Complaint is therefore warranted pursuant to Fed. R. Civ. P. 12(b)(6) because it is apparent from the face of Plaintiff's Complaint that he can prove no set of facts in support of his claims that would entitle him to relief against Bashen. In fact, Bashen had no involvement with Plaintiff until after he filed his EEOC Charge on December 4, 2008, almost six months after his contract employment was terminated by GM (Ex 2, Bashen Declaration).

Similarly, Plaintiff's Complaint fails to set forth a viable wrongful discharge claim against Bashen. Under Michigan law, employment relationships are presumed to be terminable at will in the absence of contractual rights to the contrary. Rowe v Montgomery Ward & Co, 437 Mich 627; 473 NW2d 268 (1991); Toussaint v Blue Cross & Blue Shield of Michigan, 408 Mich 579; 292 NW2d 880 (1980). In Toussaint, the Michigan Supreme Court recognized an exception to this general rule only when there is an express agreement to terminate only for cause or when an employee has a legitimate expectation to a "just cause" termination contract. Toussaint, *supra*, at 598, 610; 292 NW2d 885, 890.

The court in Toussaint clearly held that an employer can defeat claims that an employee could be discharged only for good cause by requiring an employee to sign a written agreement which recognized the at-will nature of his employment. Id. at 610; 292 NW2d at 890. It is also clear under Michigan law that there cannot be an implied contract covering the same subject matter as an express written contract. Scholz v Montgomery Ward, 437 Mich 83; 468 NW2d 845 (1991).

In this case, Plaintiff's Complaint does not allege that he was employed by Bashen. Plaintiff's Complaint therefore failed to identify any employment relationship he had with Bashen from which he could be wrongfully discharged. His wrongful discharge claim against Bashen is

therefore legally deficient as well pursuant to Fed. R. Civ. P. 12(b)(6).

**B.    The Dismissal of Plaintiff's Complaint is Warranted Pursuant to Fed. R. Civ. P. 56(c) Because Bashen Was Not Plaintiff's Employer**

In Sutherland v. Mich. Dept. Of Treasury, 344 F.3d 603, 611 (6th Cir. 2003), the Sixth Circuit held that "Title VII applies only to 'employers.' 42 U.S.C. § 2000e-2." *See also* McQueen v. Equinox Int'l Corp., 36 Fed. Appx 555, 556 (6th Cir. 1999) (The failure to establish the existence of an employer-employee relationship is fatal to a Title VII claim). Non-employers are not subject to liability under Title VII. Wathen v. General Electric Co., 115 F.3d 400, 404 (6th Cir. 1997).

The determination of whether a particular entity is an employer of a Title VII plaintiff involves an examination of whether the alleged employer exercises control over the manner and means of the plaintiff's work. Sutherland, *supra*, 344 F.3d at 612. "The extent of the employer's right to control the means and manner of the worker's performance is a primary factor [in determining whether Title VII is applicable]." Darks v. City of Cincinnati, 745 F.2d 1040, 1041 (6th Cir. 1984).

Similarly, the Michigan Supreme Court in McClements v. Ford Motor Co., 473 Mich. 373, 385; 702 N.W.2d 166 (2005) held that "unless an individual can establish a genuine issue of material fact that an employer affected or controlled a term, condition, or privilege of his or her employment, a non-employee may not bring a claim under the CRA." In McClements, the plaintiff was a contract worker who was hired, paid and subject to discipline by her employer and assigned to work in the cafeteria located inside the defendant Ford Motor Company's ("Ford") Wixom plant. However, despite the fact that she worked on Ford's premises, the Michigan Supreme Court held that she could not bring a claim against Ford under the ELCRA because she failed to demonstrate that Ford affected or controlled her pay, discipline, whether she was hired, her benefits

BH170238.WPD                                     7

of employment or where she was assigned to work. 473 Mich. at 390. *See also* <u>Coblentz</u> v <u>City of Novi</u>, 475 Mich 558, 578-579; 719 NW2d 73 (2006); <u>Wells v. Firestone Tire & Rubber Co.</u>, 421 Mich. 641, 648; 364 N.W.2d 670 (1984) (Control of the worker's duties should be considered, as well as payment of wages, authority to hire and fire and the responsibility for the maintenance of discipline to determine whether an entity may be sued under the ELCRA).

In this case, Plaintiff's Title VII and ELCRA claims are legally deficient because Bashen was never Plaintiff's employer and ***exercised no control*** over the means and manner of Plaintiff's work performance or job duties, did not pay him any wages, had no authority to hire or fire him and had no responsibility for imposing discipline against him (Ex 2, Bashen Declaration). Contrary to any such claim, Bashen had no involvement with Plaintiff until long after his contract employment with GM was terminated. <u>Id</u>. Plaintiff therefore cannot establish the existence of an employer-employee relationship between himself and Bashen and summary judgment is warranted pursuant to Fed. R. Civ. P. 56(c) for his discrimination, retaliation and wrongful discharge claims.

### C. The Dismissal of Plaintiff's Complaint is Warranted Pursuant to Fed. R. Civ. P. 56(c) Because Bashen Had No Involvement Whatsoever in the Decision to Terminate Plaintiff's Employment as a Contract Physician at GM's Willow Run Plant

Assuming *arguendo* that Plaintiff could present evidence showing that an employer-employee relationship existed between himself and Bashen and/or that Bashen controlled a term, condition, or privilege of his employment, which Bashen adamantly denies, dismissal is still warranted pursuant to Fed. R. Civ. P. 56(c). Plaintiff cannot set forth a viable claim for discrimination and retaliation under Title VII and the ELCRA against Bashen because he lacks any admissible evidence showing that Bashen participated in any way in GM's decision to terminate his contract employment on June 11, 2008. <u>Johnson</u>, 215 F.3d at 573; <u>Town</u>, 455 Mich. at 695; <u>Lamoria</u>, 230 Mich. App. at 818; <u>Polk</u>, 801 F.2d at 198; <u>Pena</u>, 255 Mich. App. at 312; <u>Kocsis</u>, 97

BH170238.WPD 8

F.3d at 885. *See also* McClements, 473 Mich. at 388 (The authority to affect a worker's employment alone is not sufficient to impose liability upon an employer defendant. Rather, in order to be liable, the employer defendant must also take an adverse employment action against the worker plaintiff). No such showing is possible in this case because, as previously noted, Bashen had no involvement with Plaintiff until long after his contract employment with GM was terminated (Ex 2, Bashen Declaration). Dismissal of Plaintiff's Complaint against Bashen is therefore warranted pursuant to Fed. R. Civ. P. 56(c) because he lacks any evidence that Bashen ever took an adverse employment action against him.

## IV. CONCLUSION

For each of the above referenced reasons, Defendant Bashen Corporation respectfully requests that this Honorable Court dismiss Plaintiff's Complaint against Defendant in its entirety and award Defendant costs, attorney fees and such other relief as this Court deems just and equitable.

Respectfully submitted,

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

By: /s/ Alex L. Alexopoulos
Alex L. Alexopoulos (P40547)
Attorneys for Defendant Bashen Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000

Dated: January 25, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATUL C. SHAH,

    Plaintiff,

v.

GENERAL MOTORS COMPANY a/k/a
MOTORS LIQUIDATION COMPANY,
formerly known as GENERAL MOTORS
CORPORATION, a Michigan Corporation,
BASHEN CORPORATION, a Texas
Corporation doing business in Michigan and
an affiliate of GENERAL MOTORS
CORPORATION,

    Defendants.

Case No: 09-cv-14038
Hon. Marianne O. Battani
Magistrate Judge Mark A. Randon

---

| Atul C. Shah | Alex L. Alexopoulos (P40547) |
| Plaintiff in *Pro Per* | Lipson, Neilson, Cole, Seltzer & Garin, P.C. |
| 2884 Manorwood Drive | Attorneys for Defendant Bashen Only |
| Troy, MI 48085 | 3910 Telegraph Road, Suite 200 |
| (248) 835-5025 | Bloomfield Hills, Michigan 48302 |
| | (248) 593-5000 |
| | Email: ala@lipsonneilson.com |

---

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2010, I served a copy of Defendant's Motion to Dismiss Plaintiff's Complaint and/or for Summary Judgement in the above-entitled matter by placing the same in an overnight mail package with postage fully prepaid thereon, upon Atul C. Shah, 2884 Manorwood Drive, Troy, MI 48085.

                                        By:    /s/ Alex L Alexopoulos
                                                      Alex L. Alexopoulos (P40547)
                                                       Attorneys for Defendant Bashen Only
                                                      Email: ala@lipsonneilson.com

BH170238.WPD