**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ATUL C. SHAH,

    Plaintiff,                              CIVIL CASE NO. 09-14038

                                         HON. MARIANNE O. BATTANI

v.

GENERAL MOTORS COMPANY a/k/a
MOTORS LIQUIDATION COMPANY,
formerly known as GENERAL MOTORS
CORPORATION, a Michigan Corporation,
BASHEN CORPORATION, a Texas
Corporation doing business in Michigan
and an affiliate of GENERAL MOTORS
CORPORATION,

    Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT AND/OR FOR SUMMARY JUDGMENT**

Before the Court is Defendant Bashen Corporation's Motion to Dismiss Plaintiff's Complaint and/or for Summary Judgment (Doc. No. 3). The Court has reviewed the pleadings, and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, the Court **GRANTS** Defendant's motion.

I.  STATEMENT OF FACTS

Plaintiff Atul C. Shah is a naturalized American citizen of Indian descent who practices Hindu religion and was 59 years old at the time this complaint was filed.  Shah worked as a contract physician for Defendant General Motors Corporation ("GM") from September 1997 until June 11, 2008, when he was terminated.  Plantiff alleges that he was discriminated against based on his religion, race, nationality, color, and age, and retaliated against in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000 *et seq* and the Michigan Elliot-Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2101.

On June 11, 2008, Plaintiff learned that his contract employment was being terminated at a meeting that took place at GM's Willow Run Plant.  See Compl. at ¶¶ 21, 28, 30.  Dr. Stanley Miller, GM's Senior Group Medical Director, and Dr. Anthony Brown, the Plant Medical Director at GM's Willow Run Plant, attended the meeting.  Id. Defendant Bashen Corporation ("Bashen") does not employ either Miller or Brown.  The only other persons that Plaintiff claimed to have involvement in the decision to terminate him were the GM Health Services Administrative Staff, the Willow Run Powertrain Plant Manager (Kingsley Wooten), and the Director of Human Resources.  Id. at ¶ 20.

On December 4, 2008, Shah filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  Def.'s Ex. 3.  After GM received Plaintiff's EEOC charge, it retained Bashen to represent GM's interests during the pendency of the investigation of the charge.  On February 11, 2009, Bashen filed a position statement on behalf of GM, asserting that Plaintiff's employment as a contract physician was terminated due to his poor performance.  The statement detailed

2

examples of Plaintiff's inability to correctly diagnose and treat work related injuries, poor documentation, and lack of thoroughness.  Def.'s Ex. 5.

On July 7, 2009, the EEOC issued its Dismissal and Right to Sue letter to Plaintiff and GM.  In the letter, the EEOC indicated that it was unable to conclude that the information established a violation of the aforementioned statutes.  Def.'s Ex. 6.  The Michigan Department of Civil Rights ("MDCR") accepted the findings of the EEOC and dismissed Plaintiff's state law complaint on September 15, 2009.  Def.'s Ex. 4.  Based on these facts, Defendant argues that summary judgment is appropriate with regard to Plaintiff's claims of wrongful discharge and disparate treatment under Title VII and the ELCRA.

It is undisputed that Bashen never employed Plaintiff and that it had no involvement with Plaintiff until after he filed his EEOC Charge on December 4, 2008.  Consequently, Bashen had no input into the decision to terminate his contract employment on June 11, 2008.  Plaintiff's Complaint does not allege that Bashen had any involvement whatsoever in GM's decision to terminate his employment or that Bashen was his employer.  Plaintiff admits in his responsive pleadings that he was confused about the relationship between GM and Bashen because the EEOC sent correspondence in care of Bashen.  See Doc. No. 10; Def.'s Ex. 3, Notice of Disposition and Order of Dismissal.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  "This rule allows a defendant to test whether, as a matter of law, the plaintiff is

3

entitled to legal relief even if every allegation in the complaint is true." Tidik v. Ritsema, 938 F. Supp. 416, 421 (E.D. Mich. 1996). Thus, when faced with a Rule 12(b)(6) motion to dismiss, a district court "must construe the complaint in the light most favorable to the plaintiff, [and] accept all factual allegations as true." Allard v. Weitzman, 991 F.2d 1236, 1240 (6th Cir. 1993).

The procedural rules authorize a court to treat a Rule 12(b)(6) motion as one for summary judgment when "matters outside the pleadings are presented to and not excluded by the court." FED. R. CIV. P. 12(d). Here, the parties have submitted matters outside the pleadings, which the Court has reviewed in assessing the merits of the claim. Therefore, the Court treats the motion as one for summary judgment.

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008).

### III. ANALYSIS

A Title VII claim, such as the wrongful discharge claim that Plaintiff makes, "applies only to 'employers.' 42 U.S.C. § 2000e-2." Sutherland v. Mich. Dept. of Treasury, 344 F.3d 603, 611 (6th Cir. 2003). Defendant Bashen correctly cites this

point in its brief. Plaintiff's claim turns on this vital factor, and he has failed to prove that Bashen is in fact his employer. To determine whether an entity is an actual employer requires an examination of whether the entity exercises control over the manner and means of the plaintiff's work. Id. at 612. Here, it is impossible for Defendant to have had any control over Plaintiff's work as it was not involved until *after* GM officials terminated him. Bashen's sole purpose was to review the EEOC case and provide a position statement on GM's behalf.

Control of the worker's duties should be considered, as well as payment of wages, authority to hire and fire, and the responsibility for the maintenance of discipline to determine whether an entity may be sued under the ELCRA. Wells v. Firestone Tire & Rubber Co., 364 N.W.2d 670, 673 (Mich. 1984). Because Bashen did not involve itself until after Plaintiff was fired, it had no input whatsoever into Plaintiff's duties, payment, or retention as a contract physician at GM's Willow Run Plant.

In sum, the burden rests squarely on Plaintiff to prove that Bashen was either his employer or somehow involved in the decision to terminate him. Plaintiff, however, offers no statements in his complaint alleging that Bashen is his employer. The complaint also identifies only GM officials, Drs. Miller and Burton, as key figures being involved in his termination. Moreover, in Plaintiff's reply he admits that he was confused about the relationship between GM and Bashen because the EEOC sent correspondence in care of Bashen.

Further, the Court considers Bashen's uncontested Declaration by its Chief Operating Officer George Steven Bashen, stating that: Bashen is a separate legal entity from GM, Bashen was retained by GM to represent its interests during the pendency of

5

the EEOC charge, and Bashen has no records showing that Plaintiff or Miller and Burton were ever its employees or agents. Def.'s Ex. 2. Thus, because Bashen exercised no control over the means and manner of Plaintiff's work, Plaintiff's Title VII and ELCRA claims are legally deficient. Because Defendant was not Plaintiff's employer in any way, as a matter of law the Court shall dismiss Plaintiff's complaint in its entirety.

## IV.   CONCLUSION

Because Defendant was never Plaintiff's employer and it had no involvement whatsoever in the termination of his contract employment with GM, Bashen's motion is **GRANTED**. In addition, Plaintiff agrees voluntarily to dismiss the case as to GM. Pl.'s Resp. Ex. B ¶ 29. Accordingly, the case is **DISMISSED** in its entirety.

**IT IS SO ORDERED**.

                                                  s/Marianne O. Battani
                                                  MARIANNE O. BATTANI
                                                  UNITED STATES DISTRICT JUDGE

DATED: August 18, 2010

### CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.

                                                  s/Bernadette M. Thebolt
                                                  CASE MANAGER